1 | Robert P. Goe – State Bar No. 137019
  | Charity J. Manee – State Bar No. 286481
2 | **GOE FORSYTHE & HODGES LLP**
  | 17701 Cowan, Bldg. D, Suite 210
3 | Irvine, CA 92614
  | rgoe@goeforlaw.com
4 | cmanee@goeforlaw.com
  | Telephone:  (949) 798-2460
5 | Facsimile:   (949) 955-9437

6 | Attorneys for Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>Debtor and Debtor in Possession. | Case No.  8:22-bk-12142-SC<br><br>Chapter 11 Case<br><br>Adv. Case No.: 8:24-ap_____-SC |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>           Plaintiff,<br>-vs-<br><br>CREATIVE OUTDOOR ADVERTISING OF AMERICA, INC., a Florida corporation, FOSTER & FOSTER REALTY INC., ADVANCE REAL ESTATE & CONSTRUCTION SOLUTIONS CORPORATION, RAYSHON ANDREW FOSTER, an individual, SONJA FOSTER, an individual and DOES 1-10,<br><br>           Defendants. | **COMPLAINT FOR:**<br><br>1) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05;**<br>2) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B);**<br>3) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(1);**<br>4) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A);**<br>5) **RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; and**<br>6) **DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502** |

1

The Official Committee of Unsecured Creditors of the bankruptcy estate of 2ND Chance Investment Group, LLC ("Debtor"), and Plaintiff in this adversary proceeding ("Committee" or "Plaintiff"), respectfully alleges as follows:

### I. SUBJECT MATTER JURISDICTION AND VENUE

1. This adversary proceeding arises in and relates to the Debtor's pending chapter 11 bankruptcy case entitled *In re 2nd Chance Investment Group, LLC.*, Case No. 8:22-bk-12142-SC ("Bankruptcy Case").

2. On December 21, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case.

3. This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding under 28 U.S.C. § 1334.

4. This action is a core proceeding under 28 U.S.C. § 157(b). Pursuant to Federal Rule of Bankruptcy Procedure 7008, Plaintiff consents to the Bankruptcy Court entering final a judgment and/or order.

5. This adversary proceeding involves property worth more than $1,000 and does not involve a consumer debt. Venue in this judicial district is appropriate under 28 U.S.C. §§ 1409(a) and/or (c) because the Bankruptcy Case is pending in the Central District of California.

6. To the extent Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff asserts that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or not allowable under 11 U.S.C. § 502(e), who can avoid the prospective transfers as set forth hereinafter under California or other applicate state or federal law.

### II. THE PARTIES

7. Plaintiff was appointed as the Creditors' Committee on February 6, 2023. Pursuant to the Bankruptcy Court's *Order Approving Stipulation Between Debtor and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance Actions on Behalf of the Estate* entered on March 22, 2023 in the Bankruptcy Case at Docket Entry No. 77, the terms of which were incorporated into the *Debtor's First Amended Liquidating Plan as Modified* [Docket No. 296 in the Bankruptcy Case] (the "Plan"), which was

2

confirmed by the *Order Confirming Debtor's First Amended Chapter 11 Liquidating Plan As Modified* entered on February 12, 2024 [Docket No. 381 in the Bankruptcy Case] ("Confirmation Order"), Plaintiff is the representative of the bankruptcy estate whose authority, subject to limitations not relevant to the claims stated herein, includes, but is not limited to pursuing, suing on, and settling all actions, arising under Bankruptcy Code sections 502, 510, 544, 545, 547, 548, 549, 550 and 553, or any avoidance actions under applicable non-bankruptcy law. Plaintiff is also empowered to prosecute, pursue, and resolve all claims held by the estate and objections to claims in the Bankruptcy Case.

8. Plaintiff brings this action solely for the benefit of the estate created by the liquidating trust formed pursuant to the Plan and Confirmation Order, and the beneficiaries thereof, which includes the Debtor's creditor body.

9. By virtue of Plaintiff consisting of a committee of creditors, Plaintiff may not have personal knowledge of many of the facts alleged in this Complaint and, therefore, where appropriate, alleges certain facts on information and belief. Plaintiff reserves its right to amend this Complaint to allege additional claims against the Defendants (defined below) and to challenge and recover transfers made to or for the benefit of the Defendants in addition to those transfers alleged in the Complaint.

10. On and before the Petition Date, and continuing to the present, on information and belief, Defendant CREATIVE OUTDOOR ADVERTISING OF AMERICA, INC. ("COAA") is a Florida corporation registered to do business in the State of California. Plaintiff is further informed and believes that COAA is in the advertising business.

11. On information and belief, Defendant Advance Real Estate & Construction Solutions Corporation ("Advance") is a California corporation formed in 2017 and owned, at all times, by Rayshon Foster ("R. Foster"), possibly jointly with Sonja Foster ("S. Foster"), the current or former spouse of R. Foster.

12. On information and belief, Defendant Foster & Foster Realty Company, Inc. (F&FRC") was a real estate related entity formed in 2018 in the State of California by S. Foster and R. Foster, and at all times relevant to this Complaint, was exclusively owned and operated by

3

R. Foster and S. Foster.

13. Defendant R. Foster is an individual and, according to the Debtor's List of Equity Security Holders [Docket No. 1 in the Bankruptcy Case at page 10 of 54], is the sole member of the Debtor and at all times was a person in control of the Debtor.

14. S. Foster is or was, at all times relevant to this Complaint, the spouse of R. Foster (together, the "Fosters") and upon information and belief, was a person in control of the Debtor. Additionally, notwithstanding the Debtor's filed List of Equity Security Holders, the Debtor asserted in filings in the Bankruptcy Case [Docket Nos. 268 and 269] that S. Foster is a 48% owner of the Debtor.

15. COAA, Advance, F&FRC and the Fosters shall from hereon, at times, collectively be referred to as the "Defendants."

### III. GENERAL ALLEGATIONS

16. The allegations contained in paragraphs 1-15, inclusive, are re-alleged and incorporated herein by this reference, as though set forth in full.

17. During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to COAA in the aggregate amount of at least $76,138.99 ("Transfers"). The Transfers to COAA are described on the Amex Card Statements as "CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS".

18. The Transfers were transfers of money from the Debtor's corporate American Express credit card ("Amex Card").

19. An itemized listing of the Transfers, including details describing salient aspects of each individual transfer, is attached hereto as **Exhibit "1"** and is incorporated herein.

20. Plaintiff is informed and believes that, during the four years leading up to the Petition Date, the Fosters caused the Debtor to make the Transfers for their personal financial benefits or for the benefits of Advance and F&FRC. The Transfers were not made for any legitimate business purpose of the Debtor.

21. Indeed, R. Foster admitted to using the Debtor's funds and property to pay for advertising expenses of non-Debtor entities which he and/or S. Foster owned.

4

22. The Transfers were made directly to the Defendants, respectively, for the benefit of the Fosters, Advance, and/or F&FRC.

23. Plaintiff is informed and believes that the Transfers were intended to disguise the Fosters' plan to strip the Debtor of its assets and hide the value of those assets or money under third party names in order to defraud creditors by siphoning assets of the Debtor and using those for the personal benefits of the Fosters or other entities they owned, as well as to hinder, delay and avoid paying Debtor's genuine creditors.

24. Upon information and belief, at all times relevant to this Complaint, creditors of the Debtor (holding unsecured claims allowable within the meaning of Sections 502 and 544(b) of the Bankruptcy Code) existed that could have avoided the Transfers described herein under applicable state voidable transfer law including, but not limited to, California Civil Code § 3439 *et seq*.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(2), 3439.05 Against All Defendants)**

25. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 as though set forth in full.

26. The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date to or for the benefit of the Defendants in the amounts set forth in Exhibits 1, 2 and 3, respectively.

27. When the Transfers were made, the Debtor was aware of its mounting debts.

28. The Debtor received less than reasonably equivalent value in exchange for the Transfers and in fact received no value for the Transfers.

29. The Debtor was insolvent when the Transfers were made or it became insolvent as a result of the Transfers.

30. Indeed, when the Debtor filed its bankruptcy petition, it had accumulated over $8.7 million in unpaid liabilities and its attempted liquidation of its real estate assets yielded less than half a million dollars in net proceeds. Indeed, the entire period during which the Debtor was operating, the Debtor owed far more to creditors, secured and unsecured, than it ever owned in

valuable property. This is because Debtor tended to acquire real properties using secured loans, including purchase money loans, but also was incurring substantial unsecured liabilities to acquire these properties. During its operations, Debtor was unable to return payment of principal to its unsecured lenders, and defaulted in payment of its secured loans. Debtor also owned no other assets of any substantial value beyond real estate and cars, both categories of which assets had little to no equity due to Debtor having acquired the same with using secured debt.

31. At the time the Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

32. The Transfers are avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05.

## SECOND CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §548(a)(1)(B) Against All Defendants)**

33. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 as though set forth in full.

34. The Transfers were transfers of the Debtor's property.

35. As reflected in Exhibit 1, the Transfers were made within two (2) years preceding the Petition Date (i.e., from December 21, 2020 through December 21, 2022).

36. When the Transfers were made, the Debtor was aware of its mounting debts.

37. Debtor received less than reasonably equivalent value in exchange for the Transfers and in fact received no value from the Defendants on account of the Transfers.

38. Debtor was insolvent when the Transfers were made or became insolvent as a result of the Transfers.

39. At the time the Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

40. The Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

\\\

**THIRD CLAIM FOR RELIEF**

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(1) Against All Defendants)**

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 40 as though set forth in full.

42. The California's Uniform Voidable Transactions Act provides, inter alia, that a transfer is fraudulent as to a creditor, regardless of when the creditor's claim arose, if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor. (*See* California Civil Code §3439.04 California Civil Code §3439.04(a)(1).)

43. As long as the debtor had the requisite fraudulent intent, a transfer will qualify as an actually fraudulent transfer, even if reasonably equivalent value was provided. Because §3439.04(a)(1)'s language regarding the debtor's state of mind is in the disjunctive, intent to defraud a creditor is not required. Either an intent to hinder or an intent to delay a creditor will also suffice.

44. The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date. The Transfers were made on the dates and in the amounts reflected on Exhibit 1.

45. The Transfers were all made for the benefit of the Fosters, Advance and/or F&FRC, who are all statutory insiders of the Debtor.

46. The Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors and were payments made improperly to enrich the Fosters at the expense of the Debtor's legitimate creditors.

47. The Fosters, both authorized users of the Debtor's Amex Card, habitually used the Debtor's funds and property to fund their lavish lifestyle, causing the Debtor to pay hundreds of thousands of dollars toward their own personal credit card liabilities or for their own enrichment or that of their non-Debtor entities, Advance and F&FRC, including by making the Transfers. By way of example of the pattern and practice of the Fosters' usage of the Debtor's funds and property, they caused the Debtor to buy personal jewelry for Mrs. Foster, paid their child's private school tuition with Debtor's funds, paid for personal vehicles, and received well over a million

dollars in cash from the Debtor in addition to these sums. All of this was done when the Debtor's creditors were being left unpaid and/or without prospect of payment in the future.

48. The Transfers were concealed in that Debtor failed to disclose them in its Statement of Financial Affairs or otherwise, although Rayshon Foster has since admitted to paying for personal expenses with the Debtor's property as well as using the Debtor's funds to purchase advertising for non-Debtor entities.

49. The Transfers were made in furtherance of the scheme of the Fosters, the persons in control of the Debtor, to defraud the creditors of the Debtor.

50. Based on the foregoing, Plaintiff is entitled to an order and/or judgment avoiding the Transfers.

## FOURTH CLAIM FOR RELIEF

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 548(a)(1), Against All Defendants)**

51. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 as though set forth in full.

52. Bankruptcy Code section 548(a)(1)(A) provides that a transfer is fraudulent as to a creditor if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor.

53. The Transfers were transfers of the Debtor's property made within two (2) years preceding the Petition Date to COAA and for the benefit of the Fosters, Advance, and/or F&FRC.

54. The Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors.

55. Based on the foregoing, Plaintiff is entitled to an order and/or judgment avoiding the Transfers.

## FIFTH CLAIM FOR RELIEF

**(Recovery of Voidable Transfers Pursuant to 11 U.S.C. § 550 Against All Defendants)**

56. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 55 as though set forth in full.

57.     Based on the foregoing claims for relief and the facts set forth herein, the Transfers are all recoverable by Plaintiff.

58.     The Transfers are recoverable from the Defendants pursuant to 11 U.S.C. § 550(a) or Plaintiff is entitled to a judgment requiring payment by Defendants to Plaintiff of the value of the Transfers.

### SIXTH CLAIM FOR RELIEF

**(Disallowance of Claims Pursuant to 11 U.S.C. § 502 Against All Defendants)**

59.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 58 as though set forth in full.

60.     Defendants have not paid the amount of the Transfers, or any part of them, nor turned over such property, for which Defendants are liable under 11 U.S.C. §550.

61.     Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or their assignees against the Debtor's estate and/or liquidating trust must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

62.     Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendants and/or their assignees against the Debtor's estate previously allowed must be reconsidered and disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers which have been avoided under 11 US.C. § 550.

### PRAYER

**WHEREFORE**, Plaintiff prays for judgment against all Defendants as follows:

**ON THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF**

1.     For judgment avoiding the Transfers.

**ON THE FIFTH CLAIM FOR RELIEF**

2.     For recovery of the Transfers or their value in the form of a money judgment.

\\\

\\\

**ON THE SIXTH CLAIM FOR RELIEF**

3.  Judgment disallowing, in accordance with 11 U.S.C. §§ 502(d) and (j), any claims held by Defendants and/or their assignees until Defendants satisfy the judgment granted in this action.

**ON ALL CLAIMS FOR RELIEF**

4.  For interest as permitted by law from the date of the Transfers;

5.  For costs of suit incurred herein, including, without limitation, attorneys' fees; and

6.  For such other and further relief as the Court deems just and proper.

Dated: December 19, 2024                    **Respectfully submitted by,**

                                            **GOE FORSYTHE & HODGES LLP**


                                            By: /s/*Robert P. Goe*
                                                Robert P. Goe
                                                Charity J. Manee
                                                Counsel to Official Committee of
                                                Unsecured Creditors

# EXHIBIT 1

# EXHIBIT 1

In Re: 2nd Chance Investment Group, LLC
Case Number: 8:22-bk-12142-SC
Charge/Purchase related to Creative Outdoor Advertising
Source: American Express Statements for Account xx2-91007
Date Range: June 11, 2021 to October 12, 2022

| Account Name | Date | Amount | Statement Description |
|---|---|---|---|
| 2nd Chance Investment | 6/15/2021 | 6,835.59 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 6/15/2021 | 1,044.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 7/9/2021 | 468.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 7/15/2021 | 1,044.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 7/15/2021 | 6,976.53 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 7/15/2021 | 2,015.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 8/4/2021 | 262.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 8/16/2021 | 1,044.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 8/16/2021 | 348.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 8/16/2021 | 2,015.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 8/16/2021 | 6,976.53 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 9/1/2021 | 2,741.94 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 9/7/2021 | 262.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 9/15/2021 | 234.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 9/15/2021 | 2,015.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 9/15/2021 | 6,765.12 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 9/15/2021 | 1,044.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 10/15/2021 | 174.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 10/15/2021 | 2,015.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 10/15/2021 | 1,044.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 10/15/2021 | 6,838.50 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 10/15/2021 | 131.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 10/15/2021 | 234.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 11/15/2021 | 174.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 11/15/2021 | 1,294.81 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 11/15/2021 | 6,838.50 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 11/15/2021 | 234.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 11/15/2021 | 986.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 11/15/2021 | 2,015.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 11/15/2021 | 131.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FLOUR CLIENTS |
| 2nd Chance Investment | 12/15/2021 | 131.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 12/15/2021 | 1,044.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 12/15/2021 | 234.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 12/15/2021 | 131.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 12/15/2021 | 6,838.50 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 12/15/2021 | 174.00 | CREATIVE OUTDOOR ADVE 800-661-6088 Fl |
| 2nd Chance Investment | 12/15/2021 | 2,015.00 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| 2nd Chance Investment | 12/15/2021 | 1,370.97 | CREATIVE OUTDOOR ADVE 800-661-6088 FL |
| | Total | 76,138.99 | |

EXHIBIT 1

Page 1 of 1